# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Valerya Williams,                          :
                         Petitioner     :
                                              :
              v.                           :     No. 1930 C.D. 2015
                                              :     Submitted: February 5, 2016
Department of Human Services,              :
                        Respondent    :

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
                   HONORABLE PATRICIA A. McCULLOUGH, Judge
                   HONORABLE DAN PELLEGRINI, Senior Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                       **FILED: September 27, 2016**

Petitioner Valerya Williams (Williams) petitions for review of an order of the Department of Human Services (Department), dated August 27, 2015, denying Williams' application for reconsideration of the Department's May 18, 2015 "final administrative action" order (final order), affirming a decision of an Administrative Law Judge (ALJ).[1]  The ALJ concluded that there was no

---

[1] This matter is related to a similar appeal filed by Williams, docketed with this Court as *Williams v. Department of Human Services*, 1929 C.D. 2015, which involves an appeal of an earlier reduction in her Supplemental Nutrition Assistance Program (SNAP) benefits based upon a notice from the CAO, dated December 12, 2014, pertaining to Department appeal number 51/3919804-006.  It is unclear to the Court why the CAO issued two notices, both setting Williams' SNAP benefits as $16 per month.  It may be that the CAO obtained information from two different sources regarding the increase in Williams' income and generated notices in each instance.  Regardless, Williams received two hearings, and the Department issued two separate adjudications.  The appeal now before the Court pertains to Department appeal number 51/3919804-008.

merit to Williams' claim that the Philadelphia County Assistance Office (CAO) erred in reducing Williams' Supplemental Nutrition Assistance Program (SNAP) benefits.[2] We affirm the Department's order.

On January 20, 2015, the CAO sent a notice to Williams, informing her that beginning February 5, 2015, her SNAP benefits would be reduced from $136 per month to $16 per month "because of a change in the Federal rules." (Certified Record (C.R.), Item No. 3, Exhibit A-2; Notice dated 1/20/15). The notice further explained that Williams' "SNAP benefits have been changed based on the 1.7% Cost of Living Adjustment (COLA) that you will receive in your Social Security benefits and/or your Supplemental Security Income (SSI) in January 2015. The Medicare Part B premium has increased to $104.90 a month." (*Id.*) The notice further provided that "the law . . . used to make this decision" was 7 C.F.R. § 273.12(c), pertaining to state agency action on changes, and 7 C.F.R. § 273.12(e), pertaining to mass changes.

Williams appealed the notice, contending that the federal regulations cited in the notice related to "change reporting households," from which her household is excluded. (C.R., Item No. 3, Exhibit A-1; Administrative Appeal.) Williams cited 7 C.F.R. § 273.2(f)(8), 7 C.F.R. § 273.10(f)(1), and 7 C.F.R. § 273.12 in support of her position.

On March 9, 2015, the ALJ conducted a hearing, during which Williams, *pro se*, presented testimony and legal argument. On May 11, 2015, the ALJ issued a decision, denying Williams' appeal. In so doing, the ALJ found that, in December 2014, Williams was receiving SNAP benefits for herself only.

---

[2] SNAP was formerly known as The Food Stamps Program.

(C.R., Item No. 4 at 4; ALJ Adjudication, Finding of Fact (FF) #1.) In January 2015, the CAO received information from the Income Eligibility Verification System (IEVS) that Williams' income had increased from $932.00 monthly to $1,455.00 monthly due to a Cost of Living Adjustment (COLA)." (*Id.*; ALJ Adjudication, FF #2.) The CAO recalculated Williams' SNAP eligibility and reduced her benefits due to a change of her income. (*Id.*; ALJ Adjudication, FF ##3-4.) The ALJ also found that Williams does not dispute the income figures used by the CAO. (*Id.*, ALJ Adjudication, FF ##5-6). The ALJ explained that the notice correctly reflects an income adjustment and reduction in SNAP benefits "due to the increase in [Williams'] Social Security income, as a result of the [COLA] given by the Social Security Administration." (*Id.*; ALJ Adjudication.) The ALJ identified 7 C.F.R. § 273.9(b), which defines "income," and 7 C.F.R. § 273.12(e), the provision cited in the notice that pertains to "mass changes," as the applicable law. The latter federal regulation provides, in part, that "[c]ertain changes are initiated by the State or Federal government which may affect the entire caseload or significant portions of the caseload. These changes include . . . periodic cost-of-living adjustments to . . . Supplemental Security Income (SSI) and other Federal benefits." 7 C.F.R. § 273.12(e).

According to the ALJ, Williams argued that the CAO cited inapplicable regulations in its notice. The ALJ concluded that the CAO did not err in applying the regulations upon which it relied in issuing its notice to Williams and in decreasing her SNAP benefits.

On May 18, 2015, the Department issued its final order, affirming (and attaching) the ALJ's adjudication, dated May 11, 2015. The final order advised Williams that she could file a request for reconsideration within fifteen

3

calendar days of the final order and that she could appeal the final order to this Court within thirty days of the order. The final order also advised Williams that filing a request for reconsideration would "not stop the time within which an appeal must be filed to the Commonwealth Court." (C.R., Item No. 4 at 1; Final Admin. Action Order.)

On June 4, 2015, Williams filed with the Department an application for reconsideration of the final order.[3] In her application for reconsideration, Williams appeared to argue that the ALJ erred in reducing her SNAP benefits during the period that she was certified to receive benefits because she is part of what she referred to as a "no change" household. Williams cited the same provisions she cited in her appeal of the notice and also contended that the ALJ's reliance on a regulation not identified in the notice, presumably 7 C.F.R. § 273.9(b), was in error.

On August 27, 2015, the Department issued an order, denying Williams' application for reconsideration for the reasons stated in the Department's final order. Williams petitioned this Court for review of the Department's denial of reconsideration, preserving September 3, 2015, as the date of her appeal.

On appeal to this Court,[4] Williams sets forth numerous issues in her statement of questions on appeal, which may be summarized as questioning:

---

[3] Williams did not file a timely petition for review with this Court, seeking review of the Department's final order.

[4] As noted above, Williams did not petition for review of the May 18, 2015 final order, but rather only filed an application for reconsideration with the Department. This Court has held that, when the Secretary *denies* a party's request for reconsideration of a final administrative action, in accordance with Pa. R.A.P. 1701(b)(3), the thirty-day time limit to file an appeal to this **(Footnote continued on next page…)**

4

(1) the Department's use of two notices of reduction of SNAP benefits, two hearings, and two appeals (instead of one of each); (2) the ALJ's reliance on a regulation not identified in the notice, presumably 7 C.F.R. § 273.9(b), as the basis for a reduction of SNAP benefits; (3) the timeliness of the ALJ's decision under federal regulations; (4) the Department's act of mailing the ALJ's decision and Department's final order together on the same date, as opposed to mailing them separately given that they were issued on different dates; (5) the Department's failure to contact Williams when she filed for reconsideration; and (6) the lack of facts and reasoning in the Department's final administrative action order and order denying reconsideration.

In the argument portion of her brief, Williams appears to contend that there was no change in federal law or policy that warranted a reduction in her

---

**(continued…)**

Court begins to run on the date of the final administrative action order. *Modzelewski v. Dep't of Public Welfare*, 531 A.2d 585, 587 (Pa. Cmwlth. 1987) (reaffirming our decisions in *Ormes v. Dep't of Pub. Welfare*, 512 A.2d 87 (Pa. Cmwlth. 1986) (holding Department's regulation invalid as being inconsistent with Pa. R.A.P. 1703(b)(3)). Thus, we may not delve into the underlying merits of Williams' claims, but must confine our analysis in accordance with the standard of review for orders denying reconsideration. We take this opportunity to observe that the Department's regulation at 55 Pa. Code §275.4(h)(4)(iv), which provides that "[i]n cases where there is a request for reconsideration, the time limit, 30 days, for appealing the decision of the Department to the Commonwealth Court will begin on the date the Secretary responds to the request" is still on the books despite this Court's holding in *Ormes* and *Modzelewski*, both approximately three decades ago, that the regulation is invalid because it conflicts with the appeal period set forth in Pennsylvania Rule of Appellate Procedure 1701(b)(3). Despite the fact that we held the regulation invalid, the Department, which has amended other provisions in 55 Pa. Code § 275.4 over the years, has never amended or removed the language this Court so long ago held to be invalid. It is unfathomable to this Court why the Department has yet to excise this invalid provision from its regulation.

5

SNAP benefits. She contends that although she had appealed what she refers to as the "first notice" of a reduction of her SNAP benefits, presumably dated December 12, 2014 (which notice is the subject of the related appeal to this Court), she received what she refers to as the "second notice" of a reduction of SNAP benefits before receiving a hearing on the first notice. Williams contends that the ALJ, in reaching her decision, relied upon federal regulations not disclosed in the notice of reduction of benefits. She also contends that the ALJ's and Department's determinations were untimely under 7 C.F.R. § 273.15. Moreover, she contends that she was not given an opportunity to appeal the ALJ's adjudication, and, as a result, she was left only with the option to request reconsideration of the Department's final order. Finally, Williams contends that, because the Department failed to contact her prior to denying her request for reconsideration, she was denied due process.

In an appeal from a denial by the Secretary of an application for reconsideration, we are limited to considering whether the Secretary abused his discretion. *B.B. v. Dep't of Pub. Welfare*, 118 A.3d 482, 485 (Pa. Cmwlth. 2015); *Hudson v. Dep't of Pub. Welfare*, 508 A.2d 383 (Pa. Cmwlth. 1986) (holding because grant or denial of reconsideration is matter of administrative discretion, standard of review limited to abuse of discretion). An abuse of discretion in the denial of reconsideration of an administrative decision occurs only where the decision is manifestly unreasonable or is based upon bad faith, fraud, capricious action, or an abuse of power. *Payne v. Workers' Comp. Appeal Bd. (Elwyn, Inc.)*, 928 A.2d 377, 379 (Pa. Cmwlth. 2007). Thus, our review of a decision denying reconsideration is extremely narrow. Williams does not specifically argue that the Department's final order is based upon bad faith, fraud, capricious action, an abuse

6

of power, or is manifestly unreasonable. We will examine her claims with that standard in mind. Our review, however, will be limited to those issues properly preserved for appeal.

Pennsylvania Rule of Appellate Procedure 1551(a) provides, in part, that generally "[n]o question shall be heard or considered by the [C]ourt which was not raised before the government unit," which in this case is the Department. The recitation of the history of this matter reveals that Williams only raised the following issues in her request for reconsideration filed with the Department: (1) whether the ALJ erred in reducing her SNAP benefits during the period that she was certified to receive benefits when she is part of what she refers to as a "no change" household; and (2) whether the ALJ erred in relying upon a regulation not identified in the notice, presumably 7 C.F.R. § 273.9(b), as the basis for a reduction of SNAP benefits. Because the question before the Court is whether the Department abused its discretion in denying reconsideration, we will limit our inquiry to those two issues.[5]

State agencies are required to take prompt action on all changes that may affect a household's eligibility or allotment. 7 C.F.R. § 273.12(c). The federal regulation relating to mass changes provides that certain changes, such as adjustments to social security payments, may affect an entire caseload.

---

[5] To the extent that Williams attempted to challenge the order denying reconsideration on the basis that the Department was required to contact her when she filed for reconsideration and its failure to do so constituted a violation of her due process rights, Williams' appeal to this Court constituted her first opportunity to raise the issue. Nevertheless, Williams waived that issue by failing to present any legal discussion in her brief to this Court addressing this issue. *See Rapid Pallet v. Unemployment Comp. Bd. of Review*, 707 A.2d 636 (Pa. Cmwlth. 1998) (holding failure to develop issue in brief results in waiver). Had the issue not been waived, we would have concluded that it lacks merit.

7

7 C.F.R. § 273.12(e). State agencies are charged with establishing procedures for making mass changes to reflect COLAs in benefits "where information of COLA's is readily available and is applicable to all or a majority of those programs' beneficiaries." 7 C.F.R. § 273.12(e)(3). At a minimum, a State agency shall inform the household of "[t]he *general nature of the change*[;]" "[e]xamples of the change's effect on households' allotments[;]" "[t]he month in which the change will take effect[;]" "[t]he household's right to a fair hearing[;]" the household's right to continued benefits and the circumstances under which benefits will be continued pending a fair hearing; "[g]eneral information on whom to contact for additional information[;]" and the liability the household will incur for overissued benefits. 7 C.F.R. § 273.12(e)(4)(i) (emphasis added). Nothing in the federal regulation relating to notice of a reduction of benefits based on an increase in social security income as a result of a COLA requires that a CAO identify with specificity each federal regulation that justifies the reduction. Here, the CAO sent a notice to Williams, informing her that beginning February 5, 2015, her SNAP benefits would be reduced from $136 per month to $16 per month "because of a change in the Federal rules." (C.R., Item No. 3, Exhibit A-2; Notice dated 1/20/15). The notice further explained that Williams' "SNAP benefits have been changed based on the 1.7% Cost of Living Adjustment (COLA) that you will receive in your Social Security benefits and/or your Supplemental Security Income (SSI) in January 2015, and that "the law . . . used to make this decision" was 7 C.F.R. § 273.12(c), pertaining to state agency action on changes, and 7 C.F.R. § 273.12(e), pertaining to mass changes. (*Id.*) Thus, the notice informed Williams of "the general nature of the change" in circumstance that resulted in the reduction of SNAP benefits. Because the CAO was not required to identify pertinent

8

regulations with specificity in the notice of reduction, we cannot conclude that an ALJ is constrained to rely only on regulations specifically identified in the notice and precluded from relying on additional regulations that support the determination. Thus, we cannot conclude that the ALJ or Department erred in relying on 7 C.F.R. § 273.9(b), which, in part, defines "household income" as including supplemental security income (SSI) and social security benefits, s*ee* 7 C.F.R. § 273.9(b)(2)(i) and (ii), when concluding that Williams' increase in social security income constituted a mass change justifying a reduction in SNAP benefits. Moreover, we cannot conclude that the Department, in denying reconsideration notwithstanding this argument, engaged in bad faith, fraud, capricious action, or an abuse of power, or acted manifestly unreasonably.

As to whether the ALJ erred in reducing her SNAP benefits during the period that she was certified to receive benefits when, Williams contends, she is part of a "no change" household, Williams relies on 7 C.F.R. § 273.2(f)(8), 7 C.F.R. § 273.10, and 7 C.F.R. § 273.12. The first regulation, 7 C.F.R. § 273.2(f)(8), pertains to verification subsequent to initial certification. This regulation sets forth what a State agency must do when recertifying a household for food stamps. The second regulation, 7 C.F.R. § 273.10(f)(1), pertains to certification periods. This regulation provides, in part, that "[t]he State agency must certify each eligible household for a definite period of time. . . . [and] must assign the longest certification period possible based on the predictability of the household's circumstances." 7 C.F.R. § 273.10(f). Furthermore, "[t]he State agency may certify for up to 24 months households in which all adult members are elderly or disabled." 7 C.F.R. § 273.10(f)(1). The third regulation, 7 C.F.R. § 73.12, pertains to requirements for change reporting households. Thus, the

9

regulations relied upon by Williams relate to the Department's recertification for food stamps, determination of eligibility and level of benefits, and reporting requirements for households. Williams, although citing these provisions, does not explain how the Department erred in applying the regulations when it reduced Williams' SNAP benefits based upon a change in her income. Although she appears to cite these regulations in support of her argument that she was a "no change" household, such that her SNAP benefits could not be reduced, we see no support for such a positon. We, therefore, must again conclude that the Department did not engage in bad faith, fraud, capricious action, or an abuse of power or act manifestly unreasonably in denying Williams' request for reconsideration.

Accordingly, we affirm the Department's order denying reconsideration.[6]

---

[6] Nevertheless, we note that, with regard to the timeliness of the final order under the *Department's regulations* (not federal regulations), 55 Pa. Code §§ 275.4(b)(1) and (2) provide that "final administrative action," which includes, in part, "a hearing and subsequent decision by the hearing officer [and] optional review by the Secretary or his designee," . . . "must be taken [within] . . . 60 days from the date of an appeal from an agency decision affecting food stamps." "If the appellant has not received final administrative action within the specified time limits," the Department shall notify the proper office or agency "to authorize the assistance which the appellant has requested in his appeal until final administrative action is rendered"–*i.e.*, "interim assistance." 55 Pa. Code § 275(b)(4), (d). The Bureau of Hearings and Appeal (BHA)-CAO cover sheet appears to indicate that Williams' appeal was filed on January 30, 2015, and that interim relief was granted on March 31, 2015. (C.R., Item No. 2; BHA-CAO Cover Sheet.)

We also note that our review of the Department's handling of this matter and its regulations reveals an inconsistency between the Department's regulations and its actions. Specifically, 55 Pa. Code § 275.4(h)(4)(ii) provides, in part:

> Either party to a proceeding has 15 days from the date of the decision of the Director of the Office of Hearings and Appeals within which to request reconsideration of that decision by the Secretary of the Department. . . . The

**(Footnote continued on next page…)**

10

P. KEVIN BROBSON, Judge

> Secretary will, within 15 working days from the date the request is received, respond in writing to the request.

It is also inconsistent with this Court's opinion in *Keith v. Department of Public Welfare*, 551 A.2d 333 (Pa. Cmwlth. 1988). In this instance, the time in which the Secretary issued the order denying reconsideration is inconsistent with the time period provided in the Department's own regulations and *Keith*. Williams, however, does not aver that she relied upon the Department's regulations to her detriment, and the Court takes no action *sua sponte* regarding the inconsistency at this point in the proceedings.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Valerya Williams,                          :
                        Petitioner         :
                                           :
        v.                                 :    No. 1930 C.D. 2015
                                           :
Department of Human Services,              :
                        Respondent         :

# **O R D E R**

AND NOW, this 27th day of September 2016, the order of the Department of Human Services (Department), dated August 27, 2015, denying reconsideration of the Department's May 18, 2015 final administrative action order, is AFFIRMED.

_____
P. KEVIN BROBSON, Judge