# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Valerya Williams,                                       :
                            Petitioner                  :
                                                        :
            v.                                          : No. 1929 C.D. 2015
                                                        : Submitted: February 5, 2016
Department of Human Services,                           :
                            Respondent                  :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE DAN PELLEGRINI, Senior Judge


*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                      **FILED:  September 27, 2016**


          Petitioner Valerya Williams (Williams) petitions for review of an order of the Department of Human Services (Department), dated August 27, 2015, denying Williams' application for reconsideration of the Department's March 30, 2015 "final administrative action" order (final order), affirming a decision of an Administrative Law Judge (ALJ). [1]  The ALJ concluded that there

---

[1] This matter is related to a similar appeal filed by Williams, docketed with this Court as *Williams v. Department of Human Services*, 1930 C.D. 2015, which involves an appeal of a subsequent reduction in her Supplemental Nutrition Assistance Program (SNAP) benefits based upon a notice from the CAO, dated January 20, 2015, pertaining to Department appeal number 51/3919804-008.  It is unclear to the Court why the CAO issued two notices, both setting Williams' SNAP benefits as $16 per month.  It may be that the CAO obtained information from two different sources regarding the increase in Williams' income and generated notices in each instance.  Regardless, Williams received two hearings, and the Department issued two separate adjudications.  The appeal now before the Court pertains to Department appeal number 51/3919804-006.

was no merit to Williams' claim that the Philadelphia County Assistance Office (CAO) erred in reducing Williams' Supplemental Nutrition Assistance Program (SNAP) benefits.[2] We affirm the Department's order.

On December 12, 2014, the CAO sent a notice to Williams, informing her that beginning on January 7, 2015, her SNAP benefits would be reduced from $136 per month to $16 per month as a result of a change in her income. (Certified Record (C.R.), Item No. 3, Exhibit A-2; Notice dated 12/24/14). The notice further provided that "the law . . . used to make this decision" was 7 C.F.R. § 273.9, pertaining to income and deductions. (*Id.*)

Williams appealed the notice, contending that the CAO erred in reducing her SNAP benefits within the recertification period. (C.R., Item No. 3, Exhibit A-1; Administrative Appeal.) Williams cited 7 C.F.R. § 273.2(f)(8), 7 C.F.R. § 273.10(f)(1), and 7 C.F.R. § 273.12 in support of her position.

On February 10, 2015, the ALJ conducted a hearing, during which Williams, *pro se*, presented testimony and legal argument. Williams asserted that she reported the change in Social Security income to the CAO only for the purpose of medical benefits. She argued that she belongs to a "no change" household and that the CAO should not have considered the reported change in income, because her alleged "no change" status precluded an adjustment of SNAP benefits outside of the renewal period for those benefits.

On March 6, 2015, the ALJ issued a decision, denying Williams' appeal. The ALJ found that Williams receives monthly unearned Social Security income, and, in November 2014, she provided verification of her increase in Social

---

[2] SNAP was formerly known as The Food Stamps Program.

Security Administration benefits to the CAO, effective December 2014. (C.R., Item No. 4 at 4; ALJ Adjudication, Finding of Fact (FF) ##2-4.) In December 2014, the CAO updated her income and reduced her SNAP benefits from $136 per month to $16 per month, beginning January 7, 2015. (*Id*; ALJ Adjudication, FF ##5-6.) The ALJ also found that Williams' testimony that "she belongs to a no change household and the income should not have been adjusted to the SNAP benefits was not credible." (*Id*., ALJ Adjudication, FF #8.) The ALJ noted that Williams does not dispute the amount of income that she receives, but contends that the income should not have been updated against her SNAP benefits as she had reported the change in income for medical benefits purposes. The ALJ relied upon 7 C.F.R. § 273.12(c) in support of her determination.[3]

---

[3] 7 C.F.R. § 273.12(c) provides:

(c) State agency action on changes. The State agency shall take prompt action on all changes to determine if the change affects the household's eligibility or allotment. However, the State agency has the option to disregard a reported change to an established deduction in accordance with paragraph (c)(4) of this section. If a household reports a change in income, and the new circumstance is expected to continue for at least one month beyond the month in which the change is reported, the State agency may act on the change in accordance with paragraphs (c)(1) and (c)(2) of this section. The time frames in paragraphs (c)(1) and (c)(2) of this section apply to these actions. During the certification period, the State agency shall not act on changes in the medical expenses of households eligible for the medical expense deduction which it learns of from a source other than the household and which, in order to take action, require the State agency to contact the household for verification. The State agency shall only act on those changes in medical expenses that it learns about from a source other than the household if those changes are verified upon receipt and do not necessitate contact with the household. Even if there is no change in the allotment, the State agency shall document the reported change in the casefile, provide another change report form to the household, and notify the household of the receipt of the change report. If the reported change affects the household's eligibility or level of benefits, the adjustment shall also be reported to the household. The State agency shall also

**(Footnote continued on next page…)**

On March 30, 2015, the Department issued its final order, affirming (and attaching) the ALJ's decision. The final order advised Williams that she could file a request for reconsideration within fifteen calendar days of the order and that she could also appeal the order to this Court within thirty days of the order. The final order also advised Williams that filing a request for reconsideration would "not stop the time within which an appeal must be filed to the Commonwealth Court." (C.R., Item No. 4 at 1; Final Admin. Action Order.)

On April 10, 2015, Williams filed an application for reconsideration of the final order.[4] In her application for reconsideration, Williams appeared to argue that the ALJ erred in reducing her SNAP benefits under 7 C.F.R. § 273.9 during a period when she had been recertified to receive SNAP benefits. Williams also argued that the ALJ's reliance on 7 C.F.R. § 273.12 was improper, because it was not the policy used by [the] CAO to decrease [her] SNAP [b]enefits." (C.R., Item No. 5; App. for Recon.) Instead, the ALJ should have focused on 7 C.F.R. § 273.9 and concluded that it was inapplicable.

---

**(continued…)**

advise the household of additional verification requirements, if any, and state that failure to provide verification shall result in increased benefits reverting to the original allotment. The State agency shall document the date a change is reported, which shall be the date the State agency receives a report form or is advised of the change over the telephone or by a personal visit. Restoration of lost benefits shall be provided to any household if the State agency fails to take action on a change which increases benefits within the time limits specified in paragraph (c)(1) of this section.

[4] Williams did not file a timely petition for review with this Court, seeking review of the Department's final order.

On August 27, 2015, the Department issued an order denying Williams' application for reconsideration for the reasons stated in the Department's final order. Williams petitioned this Court for review of the Department's denial of reconsideration, preserving September 3, 2015, as the date of her appeal.

On appeal to this Court,[5] Williams sets forth numerous issues in her statement of questions on appeal, which may be summarized as questioning: (1) the ALJ's reliance on 7 C.F.R. § 273.9 as the basis for a reduction of SNAP benefits; (2) the Department's introduction at the hearing of "Policy 570.1, 570.11;"[6] (3) the Department's act of mailing the ALJ's decision and Department's

---

[5] As noted above, Williams did not petition for review of the March 30, 2015 final order, but rather only filed an application for reconsideration with the Department. This Court has held that, when the Secretary *denies* a party's request for reconsideration of a final administrative action, in accordance with Pa. R.A.P. 1701(b)(3), the thirty-day time limit to file an appeal to this Court begins to run on the date of the final administrative action order. *Modzelewski v. Dep't of Public Welfare*, 531 A.2d 585, 587 (Pa. Cmwlth. 1987) (reaffirming our decisions in *Ormes v. Dep't of Pub. Welfare*, 512 A.2d 87 (Pa. Cmwlth. 1986) (holding Department's regulation invalid as being inconsistent with Pa. R.A.P. 1703(b)(3)). Thus, we may not delve into the underlying merits of Williams' claims, but must confine our analysis in accordance with the standard of review for orders denying reconsideration. We take this opportunity to observe that the Department's regulation at 55 Pa. Code §275.4(h)(4)(iv), which provides that "[i]n cases where there is a request for reconsideration, the time limit, 30 days, for appealing the decision of the Department to the Commonwealth Court will begin on the date the Secretary responds to the request" is still on the books despite this Court's holding in *Ormes* and *Modzelewski*, both approximately three decades ago, that the regulation is invalid because it conflicts with the appeal period set forth in Pennsylvania Rule of Appellate Procedure 1701(b)(3). Despite the fact that we held the regulation invalid, the Department, which has amended other provisions in 55 Pa. Code § 275.4 over the years, has never amended or removed the language this Court so long ago held to be invalid. It is unfathomable to this Court why the Department has yet to excise this invalid provision from its regulation.

[6] DHS's Supplemental Nutrition Assistance Program Handbook includes Policy 570.1 and Policy 570.11, which provide that if a household is enrolled in the semiannual reporting **(Footnote continued on next page…)**

5

final order together on the same date, as opposed to mailing them separately given that they were issued on different dates; (4) whether the order denying reconsideration was in compliance with federal regulations; (5) the ALJ's reliance on a regulation not identified in the notice, presumably 7 C.F.R. § 273.12, as the basis for a reduction of SNAP benefits; (6) the timeliness of the ALJ's decision under federal regulations; (7) whether she was denied the appeal process to which she was entitled under 7 C.F.R. § 273.15, pertaining to fair hearings; and (8) whether the Department complied with federal law and regulations with regard to the reduction of SNAP benefits.

In the argument portion of her brief, Williams appears to contend that the ALJ erred by not limiting her review to the federal regulation cited in the notice. Instead, the ALJ allowed the Department to introduce other regulations in support of denial, and the ALJ relied upon those regulations not disclosed in the notice of reduction of benefits in denying Williams' appeal. She also contends that the ALJ's and Department's determinations were untimely under 7 C.F.R. § 273.15. Moreover, she appears to contend that, because the ALJ's and Department's determinations were not mailed separately, she was not given an opportunity to appeal the ALJ's adjudication, and, as a result, she was left only with the option to request reconsideration of the Department's final order.

---

**(continued…)**

(SAR) system or a household not enrolled in SAR voluntarily reports a change, the CAO must act on it for purposes of increasing or decreasing SNAP benefits. *See* http://services.dpw.state.pa.us/oimpolicymanuals/snap/SNAP_Handbook.htm#Title_Page.htm (last visited August 29, 2016). Those policies are based on 7 C.F.R. § 273.12(a)(2).

In an appeal from a denial by the Secretary of an application for reconsideration, we are limited to considering whether the Secretary abused his discretion. *B.B. v. Dep't of Pub. Welfare*, 118 A.3d 482, 485 (Pa. Cmwlth. 2015); *Hudson v. Dep't of Pub. Welfare*, 508 A.2d 383 (Pa. Cmwlth. 1986) (holding because grant or denial of reconsideration is a matter of administrative discretion, standard of review limited to abuse of discretion). An abuse of discretion in the denial of reconsideration of an administrative decision occurs only where the decision is manifestly unreasonable or is based upon bad faith, fraud, capricious action, or an abuse of power. *Payne v. Workers' Comp. Appeal Bd. (Elwyn, Inc.)*, 928 A.2d 377, 379 (Pa. Cmwlth. 2007). Thus, our review of a decision denying reconsideration is extremely narrow. Williams does not specifically argue that the Department's order denying reconsideration is based upon bad faith, fraud, capricious action, an abuse of power, or is manifestly unreasonable. We will examine Williams' claims with that standard in mind. Our review, however, will be limited to those issues properly preserved for appeal.

Pennsylvania Rule of Appellate Procedure 1551(a) provides, in part, that generally "[n]o question shall be heard or considered by the [C]ourt which was not raised before the government unit," which in this case is the Department. The recitation of the history of this matter reveals that Williams only raised the following issues in her request for reconsideration filed with the Department: (1) whether the ALJ erred in reducing her SNAP benefits under 7 C.F.R. § 273.9 during a period when she had been recertified to receive SNAP benefits; and (2) whether the ALJ erred in relying on 7 C.F.R. § 273.12 (which was not identified in CAO's notice) to reduce her benefits instead of analyzing the matter in terms of 7 C.F.R. § 273.9 and concluding that it was inapplicable. Because the

7

question before the Court is whether the Department abused its discretion in denying reconsideration, we will limit our inquiry to those two issues.[7]

State agencies are required to take prompt action on all changes that may affect a household's eligibility or allotment. 7 C.F.R. § 273.12(c). "If the household's benefit level decreases or the household becomes ineligible as a result of the change, the State agency shall issue a notice of adverse action within 10 days of the date the change was reported unless one of the exemptions to the notice of adverse action in § 273.13(a)(3) or (b) applies." 7 C.F.R. § 273.12(c)(2)(i). The federal regulation relating to "notice of adverse action," provides:

> The notice of adverse action shall be considered adequate if it explains in easily understandable language: The proposed action; the reason for the proposed action; the household's right to request a fair hearing; the telephone number of the food stamp office . . . and, if possible, the name of the person to contact for additional information; the availability of continued benefits; and the liability of the household for any overissuances received while awaiting a fair hearing if the hearing official's decision is adverse to the household. If there is an individual or organization available that provides free legal representation, the notice shall also advise the household of the availability of the service. . . .

7 C.F.R. § 273.13(a)(2).

---

[7] To the extent that Williams attempted to challenge the order denying reconsideration on the basis that it was not in compliance with federal regulations, Williams' appeal to this Court constituted her first opportunity to raise the issue. Nevertheless, Williams waived that issue by failing to present any legal discussion in her brief to this Court addressing this issue. *See Rapid Pallet v. Unemployment Comp. Bd. of Review*, 707 A.2d 636 (Pa. Cmwlth. 1998) (holding failure to develop issue in brief results in waiver). Had the issue not been waived, we would have concluded that it lacks merit.

Nothing in the federal regulation relating to notice of adverse action requires that a CAO identify with specificity each federal regulation that justifies the reduction. Here, the CAO sent a notice to Williams, informing her that, beginning on January 7, 2015, her SNAP benefits would be reduced from $136 per month to $16 per month as a result of a change in her income. (C.R., Item No. 3, Exhibit A-2; Notice dated 12/24/14). The notice informed Williams that "the law . . . used to make this decision" was 7 C.F.R. § 273.9, pertaining to income and deductions, which, in part, defines "household income" as including supplemental security income (SSI) and social security benefits. *See* 7 C.F.R. § 273.9(b)(2)(i) and (ii). Thus, the notice informed Williams of "the proposed action[ and] the reason for the proposed action." *See* 7 C.F.R. § 273.13(a)(2). Because the CAO was not required to identify pertinent regulations with specificity in the notice of reduction, we cannot conclude that an ALJ is constrained to rely only on regulations specifically identified in the notice and precluded from relying on additional regulations that support the determination. Thus, we cannot conclude that the ALJ or Department erred in relying on 7 C.F.R. § 273.12(c), pertaining to state agency action on changes, based solely on it not being referenced in the CAO's notice. Moreover, we cannot conclude that the Department, in denying reconsideration notwithstanding this argument, engaged in bad faith, fraud, capricious action, or an abuse of power, or acted manifestly unreasonably.

Furthermore, Williams offers no support for her contention that the ALJ erred in reducing her SNAP benefits under 7 C.F.R. § 273.9 during a period when she had been recertified to receive SNAP benefits. Williams appears to argue that SNAP benefits cannot not be reduced during a period when the recipient has been certified or recertified, as the case may be, as eligible to receive SNAP

9

benefits. We see no support for such a positon either. We, therefore, must again conclude that the Department did not engage in bad faith, fraud, capricious action, or an abuse of power or act manifestly unreasonably in denying Williams' request for reconsideration.

Accordingly, we affirm the order of the Department, denying reconsideration.[8]

P. KEVIN BROBSON, Judge

---

[8] Nevertheless, we note that, with regard to the timeliness of the final order under the *Department's regulations* (not federal regulations), 55 Pa. Code §§ 275.4(b)(1) and (2) provide that "final administrative action," which includes, in part, "a hearing and subsequent decision by the hearing officer [and] optional review by the Secretary or his designee," . . . "must be taken [within] . . . 60 days from the date of an appeal from an agency decision affecting food stamps." "If the appellant has not received final administrative action within the specified time limits," the Department shall notify the proper office or agency "to authorize the assistance which the appellant has requested in his appeal until final administrative action is rendered"–*i.e.*, "interim assistance." 55 Pa. Code § 275(b)(4), (d). The Bureau of Hearings and Appeal (BHA)-CAO cover sheet appears to indicate that Williams' appeal was filed on January 30, 2015, and that interim relief was granted on March 31, 2015. (C.R., Item No. 2; BHA-CAO Cover Sheet.)

We also note that our review of the Department's handling of this matter and its regulations reveals an inconsistency between the Department's regulations and its actions. Specifically, 55 Pa. Code § 275.4(h)(4)(ii) provides, in part:

> Either party to a proceeding has 15 days from the date of the decision of the Director of the Office of Hearings and Appeals within which to request reconsideration of that decision by the Secretary of the Department. . . . The Secretary will, within 15 working days from the date the request is received, respond in writing to the request.

It is also inconsistent with this Court's opinion in *Keith v. Department of Public Welfare*, 551 A.2d 333 (Pa. Cmwlth. 1988). In this instance, the time in which the Secretary issued the order denying reconsideration is inconsistent with the time period provided in the Department's own regulations and *Keith*. Williams, however, does not aver that she relied upon the Department's regulations to her detriment, and the Court takes no action sua sponte regarding the inconsistency at this point in the proceedings.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Valerya Williams,                      :
                 Petitioner      :
                                 :
         v.                       :   No. 1929 C.D. 2015
                                 :
Department of Human Services,          :
                 Respondent      :

## O R D E R

AND NOW, this 27th day of September, 2016, the order of the Department of Human Services (Department), dated August 27, 2015, denying reconsideration of the Department's March 30, 2015 final administrative action order, is AFFIRMED.

<br>

                                                    
_____
P. KEVIN BROBSON, Judge