**Donna PAYNE, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (ELWYN, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 27, 2007.
Decided June 8, 2007.

David Cherry, Media, for petitioner.

Bereth K. Graeff, West Chester, for respondent.

BEFORE: COLINS, Judge, COHN JUBELIRER, Judge, FLAHERTY, Senior Judge.

OPINION BY Judge COHN JUBELIRER.

Donna Payne (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) dated January 23, 2007, which denied Claimant's Motion for Reconsideration. Although Claimant states in her Petition for Review that she is also challenging the Board's November 30, 2006 Order, which granted Employer's Suspension Petition on the merits, we cannot address that challenge as Claimant did not timely appeal the Board's November 30, 2006 Order to this Court.

Claimant sustained a work-related injury on February 14, 2003, which was recognized by Elwyn, Inc. (Employer) as a lumbar strain and for which Claimant received disability benefits. On March 8, 2005, Employer issued a Notice of Suspension pursuant to Section 413(c) of the Workers' Compensation Act (Act),[1] indicating its right to suspend payment of benefits as of March 3, 2005 due to Claimant's return to work. Claimant stopped working on March 8, 2005. Claimant filed a Challenge Petition, and the WCJ granted it after an April 27, 2005 supersedeas hearing. On March 15, 2005, after Claimant filed the Challenge Petition, Employer filed its Suspension Petition, alleging that work was available as of March 8, 2005.

The WCJ heard testimony from Claimant, witnesses for Employer, and Employer's medical expert, who conducted an Independent Medical Examination (IME) of Claimant. The WCJ credited Employer's witnesses and concluded that Employer had proven that it offered Claimant a light-duty job that was within her vocational and physical capabilities, but which Claimant did not pursue in good faith, and therefore, the WCJ granted Employer's Suspension Petition.

Claimant appealed this decision to the Board and primarily argued that Employer failed to prove that it had sent a Notice of Ability to Return to Work (Notice) as required by Section 306(b)(3) of the Act, 77 P.S. § 512(3), which precludes a suspension because the provision of the Notice is part of an employer's threshold burden in suspension cases. The Board noted that Employer conceded that the Notice had not been sent, but argued that the Notice was not necessary because Claimant, in fact, performed the offered job before the suspension date. However, upon review of the matter, the Board declined to address Claimant's argument because it held that the issue was waived. The Board explained that the issue was not raised before the WCJ and that:

Upon our review of the record, nowhere does it indicate that Claimant raised the issue of Section 306(b)(3) or the Notice of Ability to Return to Work form before the WCJ. The absence of this form was a fact which could have

---

**1.** Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 774.2.

been ascertained and raised as an issue early in the litigation. Claimant, by failing to raise the issue before the WCJ, deprived the WCJ of the opportunity to hear argument regarding the application of Section 306(b)(3) to the facts of this case.

We conclude that where Claimant made no mention of [Employer's] omission below, waiver applies. *See DeMarco v. Jones & Laughlin Steel Corp.,* 513 Pa. 526, 522 A.2d 26 (1987) (holding that the Board erred in addressing the defense of res judicata where the party had not raised the defense before the referee). Thus, Claimant's argument on this point fails.

(Bd. Opinion at 4, November 30, 2006 (footnote omitted).) The Board went on to determine that the WCJ's findings and conclusions were supported by substantial evidence and, thus, issued an order on November 30, 2006, affirming the grant of Employer's Suspension Petition.

Claimant did not timely appeal this decision on the merits to the Court but, instead, on December 7, 2006, Claimant filed a Motion for Reconsideration with the Board. In the Motion for Reconsideration, Claimant argued that the WCJ erred by failing to address the legal issues set forth in her Proposed Findings of Fact and that Claimant did not waive the Notice issue because "[t]his is part of the [Employer's] burden of proof. The Claimant had no burden to prove a negative." (Claimant's Motion for Reconsideration at 2, ¶ 6.) In support of her Motion for Reconsideration, Claimant submitted Exhibit B, her Proposed Findings of Fact and Conclusions of Law, which she also submitted to the WCJ by letter dated December 29, 2005. In Claimant's Proposed Finding of Fact number 10, Claimant raised the issue of Employer's failure to send a Notice. The

discussion section of Claimant's Proposed Findings of Fact further raises this issue.

On January 23, 2007, the Board issued an order stating, "Claimant's Petition for Rehearing is hereby **DENIED**." (Bd.Order, January 23, 2007.) On January 31, 2007, Claimant filed a Petition for Review challenging both orders of the Board; however, the only order Claimant timely appealed was the Board's January 23, 2007 order denying reconsideration. The filing of a motion for reconsideration does not operate to extend the thirty day period for appeal of the original order. *Muehleisen v. State Civil Service Commission,* 66 Pa. Cmwlth. 95, 443 A.2d 867, 869 (1982). Therefore, the only decision subject to review at this time is the January 23, 2007 order denying reconsideration.

■■■ A denial of a motion for reconsideration is appealable under Section 5105(a)(2) of the Judicial Code, 42 Pa.C.S. § 5105(a)(2), which grants a right of appeal to agency determinations which are not adjudications under the Administrative Agency Law. *Muehleisen,* 443 A.2d at 869 n. 5. The decision to grant or deny such a motion is a matter of administrative discretion and will be reversed only for an abuse of discretion. *Id.* at 869. Our Pennsylvania Supreme Court has clearly stated than an abuse of discretion is more than an error of judgment. *Mielcuszny v. Rosol,* 317 Pa. 91, 93–94, 176 A. 236, 237 (1934). An abuse of discretion "occurs not merely when the [lower tribunal] reaches a decision contrary to the decision that the appellate court would have reached. Rather, an abuse of discretion occurs 'when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.'" *Steller v. Pennsylvania Securities Com-*

*mission,* 877 A.2d 518, 523 (Pa.Cmwlth. 2005) (citing *Luzerne County Flood Protection Auth. v. Reilly,* 825 A.2d 779, 782 (Pa.Cmwlth.2003)).

Claimant argues that the Board erred in denying Claimant's Motion for Reconsideration. Relying on *Vista International Hotel v. Workmen's Compensation Appeal Board (Daniels),* 560 Pa. 12, 742 A.2d 649 (1999), Claimant argues that the Board's Order is neither reasoned nor capable of further appellate review because the Board does not "specify the basis" upon which it denied the Claimant's Motion for Reconsideration. *See id.* at 20, 742 A.2d at 653. Claimant contends that the Board erred by failing to identify or address the proposed finding of fact that she had submitted to the WCJ on the Notice issue. Therefore, Claimant asks this Court to reverse and remand to the Board with instructions to explain the rationale behind its Order.

The facts of this case are distinguishable from *Vista* and, thus, the holding in Vista is not applicable here. In *Vista,* the claimant received benefits for a work-related injury. The employer filed a petition seeking termination or suspension of benefits, alleging that claimant had returned to work suffering no residual disability. The WCJ scheduled a hearing and notice was sent to the claimant. The claimant failed to appear at the hearing. The WCJ scheduled a second hearing and notice was sent to the claimant. Again, the claimant failed to appear and did not contact the WCJ personally or through a representative. The WCJ heard the employer's evidence and, subsequently, entered a decision and order terminating claimant's benefits. The claimant appealed and the Board issued an order remanding the matter to the WCJ to permit the claimant to present her defenses to the termination petition. Although the Board

issued an accompanying opinion, it did not state the basis for its decision, other than by general reference to its broad powers to grant a rehearing. *Id.* at 17, 742 A.2d at 651. On remand, the WCJ found that the employer failed to meet its burden of establishing that all disability arising from the work injury had ceased and denied the termination petition. The Board and this Court affirmed this part of the WCJ's decision. With regard to the remand hearing, this Court held that the Board acted within its authority in remanding the case following the initial order terminating benefits. *Id.* at 19, 742 A.2d at 652.

On appeal, the Supreme Court reversed this part of our decision. The Pennsylvania Supreme Court wrote:

> [T]he Court has held that the Board has the ability to grant a rehearing in appropriate circumstances where the interests of justice require. Nevertheless, the Board's power is not limitless but must be exercised in a manner that is generally consistent with the policies and provisions of the Act. Additionally, in order to allow for appropriate review, the Board may not rest a decision to grant a rehearing solely upon the fact that it has broad powers to do so, but instead, must specify the basis for its determination.

*Id.* at 20, 742 A.2d at 653 (citations omitted). The Supreme Court explained that the Board directed that the closed record be opened so that the claimant could present her defense to employer's termination petition without assessing the adequacy of the claimant's proffered excuse. *Id.* at 21, 742 A.2d at 653–54. Because the credibility and legal sufficiency of claimant's proffered excuse was contested by the employer, the Supreme Court held that the Board erred in granting the rehearing "other than for the purpose of considering, in the first instance, the veracity and adequacy of

Claimant's proffered excuse for her failure to appear at the scheduled hearings." *Id.* at 21, 742 A.2d at 654.

█ The holding in *Vista* is not applicable here because in this case, unlike in *Vista,* the Board *denied* reconsideration. Thus, the Board in essence, reaffirmed its opinion and order. In that opinion and order, the Board clearly stated the reasons why it held that the issue of Section 306(b)(3) or the Notice form was waived which was mainly because Claimant did not raise it before the WCJ to allow oral argument on the issue. (Bd. Opinion at 4, November 30, 2006.) When denying reconsideration, the Board was not required to restate those reasons again in its second Order denying reconsideration. Furthermore, we find that Claimant has not established that the Board's denial of her Motion for Reconsideration was manifestly unreasonable, that the law was not applied, or the action was a result of partiality, prejudice, bias or ill will. Thus, given our very narrow standard of review, we find no abuse of discretion in the Board's denial of Claimant's Motion for Reconsideration.[2]

For the foregoing reasons, we affirm the Board.

### ORDER

**NOW,** June 8, 2007, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby **AFFIRMED.**

---

**2.** Essentially, what Claimant is trying to do is argue the merits of finding waiver, which was never timely appealed to this Court. There-

fore, we do not reach Claimant's remaining arguments.