v.

**DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 24, 2015.

Decided June 10, 2015.

Michael J. Rudinski, Williamsport, for petitioner.

Charles F. Greevy, III, Williamsport, for intervenor Lycoming County Department of Children and Youth.

BEFORE: BERNARD L. McGINLEY, Judge, and MARY HANNAH LEAVITT, Judge, and ROCHELLE S. FRIEDMAN, Senior Judge.

OPINION BY Senior Judge ROCHELLE S. FRIEDMAN.

B.B. petitions for review of the October 17, 2014, order of the Secretary of the Department of Public Welfare[1] (Secretary) denying B.B.'s request for reconsideration of the Department of Public Welfare (DPW), Bureau of Hearings and Appeals' (Bureau) final administrative action dated September 16, 2014. The Bureau determined that insufficient grounds existed to permit an appeal *nunc pro tunc* and upheld the decision of the DPW's Director of the Division of Operations (Director) to dismiss B.B.'s appeal of an indicated report of child abuse as untimely. We reverse and remand.

On July 17, 2013, ChildLine notified B.B. that he is listed on the statewide

---

1. After B.B. filed this appeal, the Department of Public Welfare changed its name to the Department of Human Services. *See* Act of June 13, 1967, P.L. 31, *amended by* the Act of September 24, 2014, P.L. 2458, 62 P.S. § 103 (effective November 24, 2014).

central registry of child abuse as a perpetrator in an indicated report of child abuse. On August 14, 2013, B.B. appealed, seeking review and expungement of the indicated report of child abuse.[2] On October 4, 2013, ChildLine notified B.B. that it had reviewed the indicated report and found it to be accurate and maintained in a manner consistent with the Child Protective Services Law (Law), 23 Pa.C.S. §§ 6301–6386. The October 4, 2013, notice advised B.B. that he must request administrative review in writing within 45 days of the notice date.

On November 21, 2013, counsel for B.B. (Counsel) mailed an appeal of the October 4, 2013, notice. The appeal was postmarked 48 days after the October 4, 2013, notice. On January 10, 2014, the Director denied B.B.'s appeal as untimely. On February 21, 2014, B.B. requested an appeal *nunc pro tunc*.

An administrative law judge (ALJ) conducted a hearing on August 25, 2014. Counsel testified that he filed the appeal late because he had emergency eye surgery for a partially detached retina in August 2013, had to hang his head upside down for 40 minutes of every hour after the surgery, and did not return to work until the week of November 18, 2013. (N.T., 8/25/14, at 14.)

On September 12, 2014, the ALJ recommended that B.B.'s appeal be dismissed as untimely. The ALJ found that:

no evidence was presented to show the delay in filing of the late appeal was caused by fraud or its equivalent on the part of administrative authorities, a breakdown in the administrative process, or the non-negligent conduct of [B.B.] or someone acting on [B.B.'s] behalf or the negligent conduct of a third party.

(ALJ's Findings of Fact, No. 8.) The ALJ reasoned that:

In this case, Counsel for [B.B.] stated he had eye surgery in August 2013, and he had to hold his head upside down for 40 minutes of every hour following the surgery. Counsel further stated he did not return to work until November 18, 2013. However, Counsel did not present any evidence to verify his absence from work due to his surgery. Therefore, I do not find Counsel has shown the delay was caused by non-negligent circumstances beyond the control of [B.B.'s] counsel.

(ALJ's Discussion at 3.) On September 16, 2014, the Bureau adopted the ALJ's recommendation in its entirety and issued its final administrative action, dismissing B.B.'s appeal as untimely.

On September 26, 2014, B.B. filed a request for reconsideration of the Bureau's September 16, 2014, decision with the Secretary. On October 17, 2014, the Secretary issued an order denying B.B.'s request. B.B. now petitions this court for review.

2. B.B., who was 17 years old at the time, is alleged to have masturbated and ejaculated in front of 11–year–old J.K. while in J.K.'s bedroom. B.B. requested the DPW to review the findings against him because the findings were based only on J.K.'s statements, which were inconsistent. B.B., who did not speak to the Children & Youth Services caseworker because of pending juvenile court proceedings, asserts that he did not go into J.K.'s bedroom. B.B. contends that J.K. admitted to making up the allegations against him to avoid following a custody schedule that required her to live with B.B.'s mother. J.K. told her mother that she did not want to live with B.B.'s mother. B.B. asserts that J.K. also made previous false allegations against: (1) B.B.'s brother, which J.K. later admitted were false; and (2) B.B.'s mother, which were determined to be false and unfounded by a caseworker. (B.B.'s Request for Review or Hearing, 8/14/13, at 1–2.)

A party may appeal the denial of a request for reconsideration pursuant to section 5105(a)(2) of the Judicial Code, 42 Pa.C.S. § 5105(a)(2), which grants the right to appeal agency determinations that are not considered adjudications pursuant to the Administrative Agency Law, 2 Pa. C.S. §§ 501–508, 701–704. *Payne v. Workers' Compensation Appeal Board (Elwyn, Inc.)*, 928 A.2d 377, 379 (Pa. Cmwlth.2007).

■ Our review of the Secretary's denial of reconsideration is limited to considering whether the Secretary abused her discretion. *Id.*

An abuse of discretion "occurs not merely when the [lower tribunal] reaches a decision contrary to the decision that the appellate court would have reached. Rather, an abuse of discretion occurs 'when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.'"

*Id.* (citations omitted).

Here, B.B. argues that the Secretary abused her discretion when she adopted the Bureau's determination that Counsel, in addition to his own testimony, needed to submit additional evidence to verify that Counsel had a medical emergency that prohibited him from timely filing B.B.'s appeal. We agree.

A court may grant a *nunc pro tunc* appeal in certain extraordinary circumstances. *Criss v. Wise*, 566 Pa. 437, 781 A.2d 1156, 1159 (2001). Initially, a *nunc pro tunc* appeal was limited to situations where a party failed to file a timely appeal because of fraud or a breakdown in the administrative process. *Id.* However, our Supreme Court in *Bass v. Commonwealth*, 485 Pa. 256, 401 A.2d 1133 (1979), expand-

ed that limited exception, determining that a *nunc pro tunc* appeal may be granted:

where the appellant proves that: (1) the appellant's notice of appeal was filed late as a result of non-negligent circumstances, either as they relate to the appellant or the appellant's counsel; (2) the appellant filed the notice of appeal shortly after the expiration date; and (3) the appellee was not prejudiced by the delay.

*Criss*, 781 A.2d at 1159 (citing *Bass*, 401 A.2d at 1135–36); *see Perry v. Unemployment Compensation Board of Review*, 74 Pa.Cmwlth. 388, 459 A.2d 1342, 1343 (1983) (granting a *nunc pro tunc* appeal where counsel filed the appeal three days late because his law clerk's vehicle had mechanical problems while en route to the post office); *Tony Grande, Inc. v. Workmen's Compensation Appeal Board (Rodriguez)*, 71 Pa.Cmwlth. 566, 455 A.2d 299, 300 (1983) (granting a *nunc pro tunc* appeal where counsel filed the appeal three days late because he was hospitalized).

In *Bass*, our Supreme Court found the conduct of an attorney who filed an appeal late due to his secretary becoming ill, leaving work, and being out of work for a week while the appeal documents sat unfiled on her desk non-negligent. 401 A.2d at 1134. Our Supreme Court granted the *nunc pro tunc* appeal, holding that petitioners "should not lose their day in court" due to "the non-negligent failure [of the attorney] to file an appeal." *Id.* at 1135–36.

Here, the ALJ determined that Counsel did not present any evidence to verify his absence from work due to the surgery. However, a review of the record and the ALJ's recommendation reveals otherwise. Before the ALJ, Counsel testified that following emergency eye surgery for a partially detached retina in August 2013, he had to hold his head upside down for 40

minutes of every hour and remained off of work until the week of November 18, 2013. Counsel stated that he promptly appealed the expungement denial on November 21, 2013, three days after the 45–day deadline.

Counsel's testimony was sufficient to raise the inference that he was unable to perfect B.B.'s appeal due to non-negligent circumstances. *See Cook v. Unemployment Compensation Board of Review*, 543 Pa. 381, 671 A.2d 1130, 1132 (1996) (concluding that appellant's testimony regarding his hospitalization raised the inference that appellant was unable to perfect his appeal while hospitalized). Additionally, Counsel's testimony was sufficient to establish non-negligent circumstances because his testimony was unchallenged.[3] *See id.* (stating that there was no contrary evidence to rebut the inference raised by appellant). Thus, the Bureau erred in determining that Counsel needed to present other evidence to support his testimony when his testimony was neither challenged nor discredited.[4] Because the Supreme Court has spoken on this issue, determining that an appellant should not be put out of court for the non-negligent acts of his counsel, we find that the Bureau erred in denying Counsel's *nunc pro tunc* appeal. Therefore, the Secretary erred in denying reconsideration when the record contained

unrefuted evidence supporting Counsel's non-negligent reasons for filing the late appeal.

Accordingly, we reverse the Secretary's decision denying B.B.'s request for reconsideration and remand this matter to the Secretary for consideration of Counsel's *nunc pro tunc* appeal.[5]

### *ORDER*

AND NOW, this 10th day of June, 2015, we hereby reverse the October 17, 2014, order of the Secretary of the Department of Public Welfare (Secretary) denying B.B.'s request for reconsideration of the September 16, 2014, final order of the Department of Public Welfare, Bureau of Hearings and Appeals and remand this matter to the Secretary for consideration of B.B.'s appeal.

Jurisdiction relinquished.

**Wayne ROHNER, Appellant**

**v.**

---

3. We also note that the Bureau did not make any credibility determinations regarding Counsel's testimony. *See C.E. v. Department of Public Welfare*, 97 A.3d 828, 834 (Pa. Cmwlth.2014) (reversing and remanding because the ALJ erred in basing his denial of a *nunc pro tunc* appeal on the absence of a certificate or receipt of mailing and failing to make any specific credibility determinations regarding C.E.).

4. We note that the Bureau has not alleged that it was prejudiced by the three-day delay in filing the appeal. Therefore, the only issue before the Bureau was whether Counsel's untimely filing was due to non-negligent circumstances.

5. We note that a 17–year–old alleged perpetrator whose counsel was responsible for, and presented a reasonable excuse for, the delay in filing the appeal should be granted a hearing regarding the expungement of an indicated report of child abuse. This is a serious consequence, and the 17–year–old should not be held responsible for the inaction of his counsel. We also note that the Law was recently amended, extending the filing deadline for requesting administrative review from 45 to 90 days, effective December 31, 2014, about one month after B.B.'s filing deadline. *See* Section 6341(a)(2) of the Law, 23 Pa.C.S. § 6341(a)(2). Counsel was well within the 90–day deadline.