M.G.,                                    :    <u>SEALED CASE</u>
              Petitioner    :
                          :
        v.                       :
                          :
Department of Human Services,    :    No. 24 C.D. 2019
              Respondent    :
                          :
                          :

M.G.,                                    :    <u>SEALED CASE</u>
In RE: EH-C,                             :
              Petitioner    :
                          :
        v.                       :
                          :
Department of Human Services,    :    No. 25 C.D. 2019
              Respondent    :    Submitted: October 3, 2019


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE ELLEN CEISLER, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION BY
JUDGE COVEY                  FILED:  October 29, 2019


        M.G. (Petitioner) petitions this Court for review of the Department of Human Services (DHS) Bureau of Hearings and Appeals' (BHA) November 16, 2018 order (BHA Order) denying Petitioner's request to expunge his indicated report[1] of child abuse from the ChildLine & Abuse Registry (ChildLine Registry),[2] and the

---

[1] Section 6303(a) of the Child Protective Services Law (Law) defines an "indicated report" as a report issued by DHS if it "determines that substantial evidence of the alleged abuse by a perpetrator exists based on any of the following: (i) [a]vailable medical evidence[;] (ii) [t]he child protective service investigation[; or] (iii) [a]n admission of the acts of abuse by the perpetrator." 23 Pa.C.S. § 6303(a); *see also* Section 3490.4 of DHS's Regulations, 55 Pa. Code § 3490.4.

[2] Section 3490.4 of DHS's Regulations defines "ChildLine" as

DHS Secretary's (Secretary) December 11, 2018 order (Reconsideration Order) denying Petitioner's Application for Reconsideration (Reconsideration Application). There are three issues before this Court: (1) whether this Court should accept Petitioner's petition for review *nunc pro tunc* from the BHA Order; (2) whether BHA abused its discretion or committed an error of law when it concluded that Petitioner's actions constituted child abuse; and (3) whether the Secretary properly denied Petitioner's Reconsideration Application.[3]

On September 6, 2016, Western Region Office of Children, Youth and Families Services (CYF) received a report that Petitioner, a staff supervisor at VisionQuest, a facility for juvenile offenders in Venango County, had physically abused a 16-year-old VisionQuest resident (Resident) on that same date. On October 28, 2016, CYF filed an indicated report of child abuse with ChildLine against Petitioner as the perpetrator of the abuse. On October 31, 2016, ChildLine notified Petitioner that he was being listed in the ChildLine Registry as a child abuse perpetrator. On November 10, 2016, Petitioner requested DHS review the findings before he appealed to BHA for a hearing. On December 14, 2016, DHS determined that the report was accurate. On March 11, 2017, Petitioner requested a hearing.

---

> [a]n organizational unit of [DHS] which operates a [s]tatewide toll-free system for receiving reports of suspected child abuse established under [S]ection 6332 of the [Law] (relating to establishment of [s]tatewide toll-free telephone number), refers the reports for investigation and maintains the reports in the appropriate file. . . .

55 Pa. Code § 3490.4. "The ChildLine Registry is maintained in accordance with the [Law.]" *In re: S.H.*, 96 A.3d 448, 450 n.2 (Pa. Cmwlth. 2014).

[3] Petitioner makes no argument in his brief that the Secretary abused her discretion when she denied Petitioner's Reconsideration Application.

A BHA Administrative Law Judge (ALJ) held a hearing on June 1, 2018.[4] At the hearing, CYF Case Representative Jeffrey Marshall (Marshall) testified that, on October 4, 2016, he completed a site visit, interviewed Resident, Petitioner, VisionQuest's compliance director and several staff members. Marshall explained that he also reviewed an incident report, an urgent care center's discharge paperwork, witness accounts, staff reports and VisionQuest's safety plan regarding Resident and Petitioner. Marshall found Resident to be credible and the information he provided to be consistent with that reported by other witnesses. Based thereon, and on Resident's allegations of back and shoulder blade pain, Marshall and a CYF review panel concluded that Petitioner should be indicated for physical abuse.

Resident admitted that he was not listening to Petitioner's instructions, and acted aggressively by picking up a fire extinguisher. Resident testified that a staff member took the fire extinguisher away, and that Petitioner grabbed him by his neck and ribs and pushed him against a railing, causing his feet to come off the ground. According to Resident, Petitioner let him go, and another child jumped on Petitioner's back. When the other child got off of Petitioner's back, Petitioner again grabbed Resident and wrapped his arms around Resident's neck and shoulders.

VisionQuest House Care Worker Tessa Bradford (Bradford) recounted at the hearing that she observed the incident, believed the incident was getting out of control and sought to assist. Bradford explained that she saw Resident backing up and bobbing and weaving, and then observed Petitioner grab Resident by the throat and lean him over a bannister. Bradford recollected trying several times to tell Petitioner to release Resident because she felt his hold on Resident to be inappropriate based on her training. She stated that she told Petitioner his hold on

---

[4] The hearing was originally scheduled for May 17, 2017, but was delayed due to Petitioner's unsuccessful interlocutory appeal to this Court challenging BHA's denial of a subpoena request.

3

Resident was not acceptable. Bradford said she heard Resident tell Petitioner multiple times that Petitioner was hurting him. She described Petitioner letting go of Resident when another child jumped on Petitioner's back, and Petitioner thereafter grabbing Resident and wrapping his arms around Resident's shoulders and neck. After Bradford instructed Petitioner to leave, she spoke with Resident, who complained of back and shoulder blade pain.

VisionQuest supervisor and medical staff member Leeann Watson (Watson) testified that, when she checked on Resident the next morning, he reported experiencing significant pain and being unable to move from his bed. Watson observed that Resident had neck swelling and bruising, and bruising on the right side of his ribs. According to Watson, Resident was taken to an urgent care center two days after the incident.

On November 16, 2018, the ALJ issued his recommendation to deny Petitioner's appeal, finding the testimony of Resident, Marshall, Bradford and Watson credible. On the same date, BHA issued the BHA Order, adopting the ALJ's recommendation in its entirety. On December 3, 2018, Petitioner filed the Reconsideration Application. On December 11, 2018, the Secretary issued the Reconsideration Order denying Petitioner's Reconsideration Application. On January 10, 2019, Petitioner filed two petitions for review with this Court separately challenging the BHA Order and the Reconsideration Order.[5] By January 18, 2019 order, this Court directed the parties to address the timeliness of Petitioner's appeal from the BHA Order in their briefs on the merits.[6]

---

[5] Petitioner's appeal from the BHA Order was docketed at No. 24 C.D. 2019 and the appeal from the Reconsideration Order was docketed at No. 25 C.D. 2019. By March 20, 2019 order, this Court consolidated the appeals.

[6] "This Court's scope of review in expunction proceedings is limited to determining whether constitutional rights have been violated, whether an error of law has been committed, and whether necessary findings of fact are supported by substantial evidence." *B.K. v. Dep't of Pub. Welfare*, 36 A.3d 649, 653 n.10 (Pa. Cmwlth. 2012). This Court's "review of the Secretary's denial of

4

## I. Petitioner's Review Petition of the BHA Order

Petitioner first argues that this Court should accept his review petition *nunc pro tunc* as timely filed due to a breakdown in the administrative process.

Initially, Pennsylvania Rule of Appellate Procedure (Rule) 1512(a)(1) mandates that "[a] petition for review of a quasi-judicial order . . . shall be filed with the prothonotary of the appellate court within 30 days after the entry of the order." Pa.R.A.P. 1512(a)(1). Therefore, Rule 1512(a)(1) affords a party 30 days to appeal from a BHA order to this Court. Importantly, "**[t]he filing of [a p]etition for [r]econsideration does not** . . . **toll the time for appeal from that decision**." *Columbia Gas of Pa., Inc. v. Pa. Pub. Util. Comm'n*, 535 A.2d 1246, 1248 (Pa. Cmwlth. 1988) (emphasis added); *see also Oak Tree Condo. Ass'n v. Greene*, 133 A.3d 113, 116 (Pa. Cmwlth. 2016) ("A party's filing of a motion for reconsideration . . . does not stay the appeal period[.]").

Moreover, "[i]t is well established that the failure to timely appeal an administrative agency's action is a jurisdictional defect." *J.C. v. Dep't of Pub. Welfare*, 720 A.2d 193, 197 (Pa. Cmwlth. 1998). "The time limit for a statutory appeal is mandatory; it may not be extended as a matter of grace or indulgence." *Carney v. Unemployment Comp. Bd. of Review*, 181 A.3d 1286, 1288 (Pa. Cmwlth. 2018). Untimely appeals have, however, been permitted *nunc pro tunc* "when a delay in filing the appeal is caused by extraordinary circumstances involving fraud, administrative breakdown, or non-negligent conduct, either by a third party or by the [petitioner]." *Mountain Home Beagle Media v. Unemployment Comp. Bd. of Review*, 955 A.2d 484, 487 (Pa. Cmwlth. 2008).

---

reconsideration is limited to considering whether the Secretary abused her discretion." *B.B. v. Dep't of Pub. Welfare (In re J.K.)*, 118 A.3d 482, 485 (Pa. Cmwlth. 2015).

In the instant matter, BHA issued the BHA Order denying Petitioner's appeal on November 16, 2018. Consistent with the aforementioned case law, the BHA Order explicitly informed Petitioner:

> Either party to this proceeding has fifteen (15) calendar days from the date of this decision to request reconsideration by the Secretary . . . . To seek reconsideration, you must fully complete the enclosed application/petition for reconsideration. The application/petition shall be addressed to the Secretary, but delivered to the Director, [BHA], P.O. Box 2675, Harrisburg, Pennsylvania, 17105-2675, <u>and must be received in the [BHA] within fifteen (15) calendar days from the date of this Order</u>. **This action does not stop the time within which an appeal must be filed to [the] Commonwealth Court.**
>
> The appropriate party(ies), where permitted, may take issue with this Adjudication, and Order, and may appeal to the Commonwealth Court of Pennsylvania, **within thirty (30) days from the date of** *this* **order.**

BHA Order at 1 (bold and italic emphasis added). The BHA Order clearly and unambiguously explained that a reconsideration request does not extend the 30-day window during which an appeal may be filed with this Court.

Despite the explicit notification in the BHA Order, Petitioner did not file his appeals with this Court until January 10, 2019 – 55 days after BHA issued the BHA Order and 30 days after the Secretary denied reconsideration. Accordingly, although Petitioner's appeal from the Reconsideration Order was timely filed, his appeal from the BHA Order was untimely.

Petitioner contends that the Reconsideration Order's contents, guidelines on DHS's website, and information contained in "several communications" from

6

DHS[7] caused his confusion regarding his appeal rights and constituted an administrative breakdown which justifies *nunc pro tunc* relief.[8] Petitioner Br. at 28.

The Reconsideration Order contained the following notification (Reconsideration Notification): "[Petitioner] may take issue <u>with this Order Denying Reconsideration</u> by appealing to the Commonwealth Court of Pennsylvania within **thirty (30) days** from the date of this Order . . . ." Reconsideration Order at 1 (underline emphasis added). Thus, the Reconsideration Notification, describing appeal requirements, unambiguously addressed only appeals from the Reconsideration Order. The Reconsideration Order was clear that the Reconsideration Notification had no bearing on or relevance to the permissible time for filing an appeal from the underlying BHA Order.

With respect to Petitioner's allegation that information on DHS's website misled him, the relevant website information pertaining to "Reconsideration/Commonwealth Court Appeals," includes the following language:

> Either party to an appeal . . . may seek reconsideration by the Secretary . . . from the final order of the Director of the Bureau by requesting such within 15 calendar days from the date of the final order. . . . Additionally, the parties have the right to seek review by the Commonwealth Court of Pennsylvania of any decision by the Director of BHA.
>
> The parties may seek reconsideration and petition Commonwealth Court simultaneously. **If a party elects to request reconsideration only, his or her right to petition [the] Commonwealth Court is still preserved pending the Secretary's decision on reconsideration.**
>
> Should the Secretary find in favor of the appellant, the appropriate party(ies), where permitted, may take issue with

---

[7] Petitioner does not identify the "several communications" to which he refers. Petitioner Br. at 28.

[8] Petitioner nevertheless acknowledges the BHA Order's contents and further admits that "[Petitioner] misreading a determination is negligent conduct that does not warrant *nunc pro tunc* relief." Petitioner Br. at 29.

the adjudication and Order, and may petition the Commonwealth Court of Pennsylvania within 30 days from the date of the order. However, if the Secretary finds for DHS, the appellant may seek review before the Commonwealth Court of Pennsylvania.

http://www.dhs.pa.gov/communitypartners/hearingsandappealsprocess/index.htm (emphasis added) (last visited October 8, 2019).

DHS responds that the relevant "language is not confusing, it preserves Petitioner's right to petition [the] Commonwealth Court based on the Secretary's denial of reconsideration and not on BHA's denial of his Child Abuse Expunction appeal." DHS Br. at 13. This Court agrees with Petitioner that DHS's website instructions are not the model of clarity. Notwithstanding, Petitioner, who was represented by counsel before both the BHA and this Court, **ignored directly relevant language addressing his appeal rights contained in the very order for which he sought review, disregarded Rule 1512(a)(1) and well-established case law,** and instead relied on a seemingly ambiguous passage posted on DHS's website to determine the deadline for filing his appeal, and offers no justification for doing so. Given the BHA Order's explicit notice, Rule 1512(a)(1)'s clear mandate and the relevant case law, this Court concludes that Petitioner's failure to timely appeal from the BHA Order is not the result of "extraordinary circumstances involving . . . administrative breakdown[.]" *Mountain Home Beagle Media*, 955 A.2d at 487. Accordingly, this Court is constrained to deny *nunc pro tunc* relief, and dismiss Petitioner's appeal from the BHA Order as untimely.

## II. Reconsideration

With respect to Petitioner's appeal from the Reconsideration Order, the law is well established:

A party may appeal the denial of a request for reconsideration pursuant to [S]ection 5105(a)(2) of the

Judicial Code, 42 Pa.C.S. § 5105(a)(2), which grants the right to appeal agency determinations that are not considered adjudications pursuant to the Administrative Agency Law, 2 Pa.C.S. §§ 501-508, 701-704. *Payne v. Workers' Comp*[.] *Appeal* [*Bd.*] *(Elwyn, Inc.)*, 928 A.2d 377, 379 (Pa. Cmwlth. 2007).

**Our review of the Secretary's denial of reconsideration is limited to considering whether the Secretary abused her discretion.** *Id.*

> An abuse of discretion 'occurs not merely when the [lower tribunal] reaches a decision contrary to the decision that the appellate court would have reached. Rather, an abuse of discretion occurs 'when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.' '

*Id.* (citations omitted).

*B.B. v. Dep't of Pub. Welfare*, 118 A.3d 482, 485 (Pa. Cmwlth. 2015) (emphasis added).

Although Petitioner filed a petition for review of the Secretary's Reconsideration Order, Petitioner failed to include any argument in his brief to this Court addressing the Secretary's denial. Instead, Petitioner summarizes his argument as follows:

> It was an abuse of discretion and error of law in finding: [Petitioner's] actions rose to the level of child abuse in the form of causing bodily injury to [Resident] through recent act or failure to act; that [Petitioner's] actions constitute physical child abuse pursuant to [Section 6303 of the Law,] 23 Pa.C.S.[] § 6303; [and] that [Resident] did not act in a manner that would require [Petitioner] to defend himself.

9

Petitioner Br. at 30 (italics omitted). The entirety of Petitioner's argument pertains solely to the BHA Order, which this Court has ruled it does not have jurisdiction to review.

This Court has held that issues raised in a petition for review but not raised or developed in a petitioner's brief are waived for appellate review. *See Aveline v. Pa. Bd. of Prob. & Parole*, 729 A.2d 1254 (Pa. Cmwlth. 1999); *see also Commonwealth v. Spotz*, 716 A.2d 580 (Pa. 1998). Because Petitioner's brief does not include any argument pertaining to the Secretary's Reconsideration Order, or the Secretary's abuse of discretion, the issue is waived.

For all of the above reasons, this Court denies Petitioner *nunc pro tunc* relief and dismisses his petition for review of the BHA Order as untimely, and affirms the Secretary's Reconsideration Order.

_____
ANNE E. COVEY, Judge

10

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

M.G., : SEALED CASE
         Petitioner :
  :
    v. :
  :
Department of Human Services, : No. 24 C.D. 2019
         Respondent :
  :
  :
M.G., : SEALED CASE
In RE: EH-C, :
         Petitioner :
  :
    v. :
  :
Department of Human Services, : No. 25 C.D. 2019
         Respondent :

## O R D E R

AND NOW, this 29th day of October, 2019, M.G.'s (Petitioner) petition for review of the Department of Human Services (DHS) Bureau of Hearings and Appeals' November 16, 2018 order docketed at No. 24 C.D. 2019 is DISMISSED as untimely, and upon consideration of Petitioner's petition for review docketed at No. 25 C.D. 2019, the DHS Secretary's December 11, 2018 order denying Petitioner's Application for Reconsideration is AFFIRMED.

_____
ANNE E. COVEY, Judge