J-A29034-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| EUGENE BENJAMIN AND LATISHA BENJAMIN, H/W | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER P. HENDERSON, M.D. AND SCRANTON ORTHOPAEDIC SPECIALISTS, P.C. | : | No. 715 MDA 2020 |
| | : | |
| | : | |
| | : | |
| APPEAL OF: EUGENE BENJAMIN | : | |

Appeal from the Judgment Entered April 17, 2020,
In the Court of Common Pleas of Lackawanna County,
Civil Division at No(s):  17-CV-913.

BEFORE:   DUBOW, J., KUNSELMAN, J., and COLINS, J.*

CONCURRING MEMORANDUM BY KUNSELMAN, J.:      **FILED JUNE 04, 2021**

I join the majority's decision regarding the second and fourth appellate issues.  I agree with the result reached above as to Mr. Benjamin's first and third appellate issues.  I write separately to explain my agreement with the majority on those two issues.

I begin by reiterating that the standard of review by which an appellate court decides cases is critical to an appeal.  The "standard of review defines the relationship and power allocation between dispute-resolution tribunals." Jeffery P. Bauman, *Standards of Review and Scopes of Review in Pennsylvania – Primer and Proposal*, 39 Duq. L. Rev. 513, 515 (2001).  Standards of review

_____

* Retired Senior Judge assigned to the Superior Court.

dictate to reviewing courts and appellate counsel "how [we] must look at the trial court's decision when reviewing that trial court's rulings on fact, law, or discretionary matter." *Id.* The three most common standards of review in this Commonwealth are "substantial-evidence review, *de novo* review, and an abuse-of-discretion review." *Id.* at 516. They "all import varying degrees of deference that an appellate court will accord to a lower tribunal's action." *Id.*

Mr. Benjamin's first issue challenges the order granting the Defendants' motion *in limine* to preclude the untimely reports (and, thus, the testimony) of two expert witnesses. His third issue challenges the trial court's refusal to strike three jurors for cause. Mr. Benjamin correctly states that our standard of review for these two issues is as follows:

> The standard of review of an order denying a motion for a new trial is "whether the trial court committed an error of law which controlled the outcome of the case or committed an abuse of discretion. A trial court commits an abuse of discretion when it [(1)] rendered a judgment that is manifestly unreasonable, arbitrary, or capricious; [(2)] has failed to apply the law; or [(3)] was motivated by partiality, prejudice, bias, or ill will." *Polett v. Public Communications, Inc.*, 83 A.3d 205, 214 (Pa. Super. 2013) (citing *Mirabel v. Morales*, 57 A.3d 144, 150 (Pa. Super. 2012)) (internal citations and quotation marks omitted).

Mr. Benjamin's Brief at 3. However, in his arguments, he fails to consider whether these issues implicate "an error of law" (for which our review would be *de novo*) or "an abuse of discretion."

Mr. Benjamin's first and third appellate issues are both subject to the abuse-of-discretion standard of review. Regarding his first issue (preclusion

- 2 -

of experts' reports/testimony), this Court asks, "whether the trial judge abused [his] discretion when [he] rejected [the] expert report[s]"? ***Kurian ex rel. Kurian v. Anisman***, 851 A.2d 152, 156 (Pa. Super. 2004). Similarly, the "decision on whether to disqualify [a prospective juror] is within the discretion of the trial court and ***will not be reversed in the absence of a palpable abuse of discretion.***" ***Shinal v. Toms***, 162 A.3d 429, 440 (Pa. 2017) (emphasis added). Thus, to win his appeal of either issue, Mr. Benjamin must persuade us that the trial court abused its discretion.

"An abuse of discretion occurs not merely when the lower tribunal reaches a decision contrary to the decision that the appellate court would have reached." ***B.B. v. Dep't of Pub. Welfare***, 118 A.3d 482, 485 (Pa. Cmwlth. 2015). In other words, appellate judges may not substitute our judgment for that of a trial judge when reviewing performing an abuse-of-discretion review. Rather, "Discretion is abused when the judicial action is arbitrary, fanciful, or unreasoned, or where no reasonable man or woman would take the view adopted by the trial court." Roggero J. Aldisert, J., OPINION WRITING § 6.11 at 76 (3d. ed.) (2012) (some punctuation omitted) (quoting ***Golden Gate Hotel Assoc. v. San Francisco***, 18 F.3d 1482, 1485 (9th Cir. 1994)).

To succeed on an abuse-of-discretion challenge, the appellant must demonstrate that the trial court:

(1)   rendered a judgment that is manifestly unreasonable, arbitrary, or capricious;

(2)   has failed to apply the law; or

(3)    was motivated by partiality, prejudice, bias, or ill will.

*Polett*, 83 A.3d at 214.  A mere error of judgment will not do.  ***See B.B.***, *supra*.  Mr. Benjamin does not contend – much less persuade me – that any of those three grounds for an abuse of discretion occurred here.

Regarding the expert-reports issue, Mr. Benjamin states, "Based upon the record at the pre-trial conference, the trial court ***erred*** in precluding testimony based on the Reports."  Mr. Benjamin's Brief at 27 (emphasis added).  He then relates the communications among the various lawyers and trial court.  ***See id.*** 27-32.  He even includes an e-mail, allegedly from his opposing counsel, that is not of record.[1]  ***Id.*** at 28.  Thus, instead of explaining how the trial court's decisions were manifestly unreasonable or overrode Rule of Civil Procedure 4003.5,[2] Mr. Benjamin attempts to relitigate the admissibility of his experts' reports as if our standard of review were *de novo*. It is not.  ***See Kurian***, ***supra***.

Mr. Benjamin likewise makes a *de novo* argument on his *voir dire* claim. He begins by labeling the denial of his challenges for cause "erroneous."  Mr.

---

[1] "The law of Pennsylvania is well settled that matters which are not of record cannot be considered on appeal."  ***Commonwealth v. Preston***, 904 A.2d 1, 6 (Pa. Super. 2006).

[2] Rule of Civil Procedure 4003.5 provides in relevant part, "An expert witness whose identity is not disclosed in compliance with subdivision (a)(1) of this rule shall not be permitted to testify on behalf of the defaulting party at the trial of the action.  However, if the failure to disclose the identity of the witness is the result of extenuating circumstances beyond the control of the defaulting party, the court may grant a continuance or other appropriate relief."

Benjamin's Brief at 55. But the germane question is not whether we think the

trial court's ruling regarding these three jurors was "erroneous." The question

is whether the trial court's refusal to strike them for cause constituted a

palpable abuse of discretion. ***Shinal***, 162 A.3d at 440.

Despite citing ***Shinal***, Mr. Benjamin elides its holding: "Generally, the

decision on whether to disqualify . . . will not be reversed in the absence of a

palpable abuse of discretion." ***Id.*** The High Court opined that the standard

of review for juror disqualification varies with the type of prejudice alleged:

> the standard of appellate review differs depending upon whether bias is presumed [due to] the juror's close familial, financial, or situational relationship with the parties, counsel, victims, or witnesses, or actual, as revealed by the juror through his or her conduct and answers. In the first scenario, where the presumption of prejudice arises from a prospective juror's close relationship with the parties, counsel, victims, or witnesses, the Superior Court has reviewed the trial court's determination as a question of law, subject to *de novo* review. ***Cordes [v. Assoc. of Internal Medicine]***, 87 A.3d at 834 (OISR, Wecht, J.); ***id.*** at 865 (OISR, Donohue, J.); ***McHugh [v. Proctor & Gamble Paper Products Co.]***, 776 A.2d at 270 & n.3 (holding that "the employer/employee relationship evokes a presumption of prejudice so significant as to warrant disqualification of employees of a party" as a matter of law, and overturning the trial court's refusal to dismiss for cause). By contrast, in the second scenario, where a juror's prejudice is revealed through his or her conduct or answers, the Superior Court has applied a deferential standard of review, reversing only when the trial court has abused its discretion. ***McHugh***, 776 A.2d at 270.

***Shinal***, 162 A.3d at 441.

The Supreme Court of Pennsylvania further explained:

In the second scenario, where the juror's conduct or answers to questions reveal a likelihood of prejudice, we agree with the Superior Court that "much depends upon the answers and demeanor of the potential juror as observed by the trial judge and, therefore, reversal is appropriate only in the case of palpable error." **McHugh**, 776 A.2d at 270 (quoting **Commonwealth v. Johnson**, 299 Pa.Super. 172, 445 A.2d 509, 512 (1982)). We defer to the trial judge because it is he or she that observes the juror's conduct and hears the juror's answers:

> The juror appears before the trial judge, who sees him and hears what is said; and is able to form his opinion as much from the proposed juror's conduct as from the words which he utters, printed in the record. Hesitation, doubt, and nervousness indicating an unsettled frame of mind, with other matters, within the judge's view and hearing, but which it is impossible to place in the record, must be considered. As it is not possible to bring these matters to our attention, the trial judge's view should be given great weight in determining the matters before him.

**Id.** at 441–42 (some punctuation omitted).

Here, Mr. Benjamin sought to remove for cause three potential jurors under the second **Shinal** scenario. Specifically, he claimed that they revealed potential prejudices against him or bias for the Defendants based upon their answers to certain *voir dire* questions. **See** Mr. Benjamin's Brief 57-61. Thus, under **McHugh** and **Shinal**, we apply "a deferential standard of review." **Shinal**, 162 A.3d at 441. Mr. Benjamin's arguments regarding the three jurors does not explain how the trial court palpably abused its discretion after observing the three jurors and finding, as a fact, that they could follow instructions on the law and be fair and impartial.

In short, Mr. Benjamin has made *de novo* arguments for his first and third issues. As such, he does not convince us that an abuse of discretion occurred, and no appellate relief is due.

Therefore, I concur with the above result, in part, and join the majority decision, in part.

Judge Dubow joins the Concurring Memorandum.