IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Micah Layton, :
           Petitioner :
            : No. 1003 C.D. 2020
         v. :
            : Submitted: November 15, 2021
Department of Human Services, :
           Respondent :


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


*__OPINION NOT REPORTED__*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH               FILED: December 28, 2021


Micah Layton petitions for review of the September 10, 2020 order of Secretary of Human Services Teresa D. Miller (the Secretary) of the Department of Human Services (the Department or DHS), which denied his request for reconsideration of a Final Administrative Action Order of the Bureau of Hearings and Appeals (BHA), dated August 6, 2020. The BHA affirmed the decision of Administrative Law Judge Nadiola Logan-Thomas (the ALJ) that, in relevant part, concluded that the Department's Bureau of Child Support Enforcement (BCSE) was entitled to seize Layton's lottery winnings to cover arrears of Layton's child support obligations. Upon review, we must affirm.

The relevant facts, as related in the ALJ's findings, are as follows. Prior to November 24, 2008, Layton owed the Department an undisclosed sum of money

for the maintenance of multiple children. (ALJ Adjudication, Certified Record (C.R.) at 26-31, Finding of Fact (F.F.) ¶1.) Two child support cases were brought against Layton in the Court of Common Pleas of Philadelphia County, with Pennsylvania Automated Child Support Enforcement System (PACSES) case numbers 310004433 and 825109711.[1] (F.F. ¶2.) On November 24, 2008, with respect to PACSES case number 310004433, the court of common pleas ordered that Layton's child support obligation be "set to a numerical value of zero due to lack of income or assets that can be levied for support, and arrears are suspended, without prejudice, effective September 15, 2008." (F.F. ¶3 (quoting Order, 11/24/2008; C.R. at 13).) With respect to the other case, PACSES case number 825109711, the court of common pleas entered an order on December 24, 2008, to "administratively terminate arrears provision and remit arrears without prejudice to parties effective December 24, 2008[,] pursuant to federal case closure regulation 45 [C.F.R. §]303.11(b)(1)[2] . . . ." (F.F. ¶4 (quoting Order, 12/24/2008; C.R. at 17).)

Sometime prior to January 6, 2020, Layton won lottery earnings in the amount of $4,807.00. (F.F. ¶5.) On January 6, 2020, the BCSE seized the entirety of Layton's lottery winnings to cover arrears for both PACSES cases. (F.F. ¶6.) Two days later, on January 8, 2020, the Court of Common Pleas of Philadelphia County issued orders to reinstate Layton's arrears on both PACSES cases, such that Layton's lottery winnings could be intercepted. (F.F. ¶7.) On January 9, 2020, the Department mailed a letter to Layton, informing him that his lottery winnings were subject to

---

[1] The total amount of Layton's child support obligations was not established in the record. (ALJ Adjudication at 5 (unpaginated); C.R. at 30.)

[2] The cited provision of the federal regulation provides for closure of a child support case where "[t]here is no longer a current support order and arrearages are under $500 or unenforceable under State law." 45 C.F.R. §303.11(b)(1).

attachment and that, if the winnings exceeded the amount of his arrears, then he would receive the balance of the lottery winnings. (F.F. ¶8.) Layton then appealed the BCSE's seizure of his lottery winnings, and the ALJ held a hearing on May 22, 2020. (F.F. ¶¶9-11.)

Following the hearing, the ALJ determined that the BCSE was entitled to seize Layton's lottery winnings in connection with one PACSES case, but not the other. The difference between the cases, the ALJ stressed, was the language of the respective orders that the court of common pleas had entered on each case in 2008. The order entered with respect to PACSES case number 310004433 stated that Layton's arrears were merely "*suspended*, without prejudice," due to Layton's lack of income or assets, and that the "financial obligation is to be reviewed for further modification upon [Layton's] obtaining employment, income[,] or assets that can be levied for support." (ALJ Adjudication at 5 (unpaginated); C.R. at 30 (emphasis in original).) By contrast, with respect to PACSES case number 825109711, the court of common pleas issued an order to "administratively *terminate* arrears provision" pursuant to a federal regulation, because the arrears were "under [the] enforceable threshold." *Id.* (emphasis in original). Because the former order merely suspended Layton's arrears without prejudice, and specified that his obligation could be reinstated if he obtained assets that could be levied, the ALJ concluded that Layton was not "absolved" from the obligation, and "no rights or privileges of the Department were waived or lost to pursue the arrears at any given time." *Id.* at 6. On the other PACSES case, however, Layton's obligations were terminated rather than suspended; accordingly, the ALJ determined that the Department was not permitted to reinstate the arrears in connection with that case. *Id.*

3

Layton argued that, although section 4308 of the Domestic Relations Code, 23 Pa.C.S. §4308,[3] authorizes the interception of lottery winnings to cover child support arrears, the BCSE was not authorized in this instance because it seized his winnings on January 6, 2020, but the Court of Common Pleas of Philadelphia County did not issue any orders reinstating his arrears until two days later, on January 8, 2020. Thus, Layton argued, at the time of the seizure, he was not a delinquent obligor. The ALJ opined that the two-day gap was "inconsequential." (ALJ Adjudication at 6; C.R. at 31.) Because there were, in fact, court orders reinstating Layton's arrears, "the BCSE would have still been entitled so seize [Layton's] lottery winnings on or after January 8, 2020." *Id.*

Accordingly, although the ALJ determined that it was erroneous to apply Layton's lottery winnings to the PACSES case in which Layton's obligations had been terminated, the BCSE was entitled to seize and apply the lottery winnings to the case in which Layton's obligations had been merely suspended without prejudice. Because the total amount of Layton's obligations was not specified in the record,

---

[3] Section 4308(a) of the Domestic Relations Code provides:

(a) Duty of Department of Revenue.--In the case of any person winning more than $2,500 in the Pennsylvania State Lottery, the Department of Revenue shall request [DHS] to make all reasonable efforts to determine if the winner is a delinquent support obligor prior to making any lottery winnings payment. If the winner is so found, the amount of any arrearages shall be deducted from the amount of lottery winnings and paid to the obligee in the manner provided in this title for the administration of support payments.

23 Pa.C.S. §4308(a). The statute further details the extent of the search that DHS is required to conduct to determine if the lottery winner is a delinquent obligor and the information that DHS is required to provide to the Department of Revenue. *See* 23 Pa.C.S. §4308(b)(1)-(2). DHS is then to "[r]equest the Department of Revenue to withhold from a lottery prizewinner the amount of any arrearage discovered . . . ." 23 Pa.C.S. §4308(b)(3).

however, the ALJ ordered the Department to reimburse Layton for any difference between the $4,807.00 seized and the amount of his arrears. Thus, the ALJ issued an order, dated June 24, 2020, sustaining Layton's appeal in part and denying it in part. (C.R. at 25.)

On August 6, 2020, the BHA issued a Final Administrative Action Order affirming the decision of the ALJ. (C.R. at 24.) The BHA's order specified an appeal deadline and the procedure for filing an appeal,[4] but Layton did not file an appeal in this Court. Rather, Layton filed an application for reconsideration, which the Secretary received on August 21, 2020. (C.R. at 33-34.) On September 10, 2020, the Secretary denied Layton's request for reconsideration. (C.R. at 37.) Layton then petitioned this Court for review of the Secretary's denial of reconsideration.[5]

Layton argues that the ALJ erred in deeming it "inconsequential" that the BCSE seized his lottery winnings two days before the court of common pleas issued the order to reinstate his arrears. (Layton's Br. at 8.) Because the seizure predated the reinstatement of his arrears, Layton contends that he was not a "delinquent support obligor" for purposes of 23 Pa.C.S. §4308 when the lottery winnings were seized. *Id.* The remainder of Layton's argument consists of a quotation of the full text of 23 Pa.C.S. §4308. *Id.* at 8-11.

---

[4] Specifically, the BHA's order states: "The appropriate party(ies), where permitted, may take issue with this Adjudication, and Order, and may appeal to the Commonwealth Court of Pennsylvania, within thirty (30) days from the date of this order." (Final Administrative Action Order, 8/6/2020; C.R. at 24.) The order further provides instructions for the filing of an appeal, and specifies the parties that must be served with a copy of the appeal. The order additionally contains instructions for the filing of an application for reconsideration and specifies that "[t]his action does not stop the time within which an appeal must be filed to the Commonwealth Court." *Id.*

[5] "Our review of the Secretary's denial of reconsideration is limited to considering whether the Secretary abused her discretion." *B.B. v. Department of Public Welfare*, 118 A.3d 482, 485 (Pa. Cmwlth. 2015).

The Department stresses that Layton did not petition for review of the BHA's underlying Final Administrative Action Order; rather, he sought review of the Secretary's denial of reconsideration. (Department's Br. at 7.) As such, this Court must employ the abuse of discretion standard, which Layton has not addressed. The Department asserts that there is no indication that the Secretary abused her discretion in denying Layton's request for reconsideration, and Layton has not argued to the contrary. *Id.* at 8-9.

With regard to the validity of the seizure of Layton's lottery winnings, the Department stresses that both it and the Department of Revenue have statutory obligations with respect to the interception of lottery winnings. Under section 4308(a) of the Domestic Relations Code, 23 Pa.C.S. §4308(a), the Department of Revenue must request that the Department make all reasonable efforts to determine if the lottery winner is a delinquent support obligor.[6] The Department of Revenue is then obligated to deduct the amount of any arrears, the Department argues, regardless of when the funds are intercepted or when the support order is issued. (Department's Br. at 10.) According to the Department, the "timing of the intercept does not affect whether Mr. Layton's lottery winnings must first go to cover arrears." *Id.*

The Department further argues that there is no statute of limitations or end date for the collection of arrears, unless the obligor's arrears are permanently removed, with prejudice, by a court order. *Id.* Here, at least with respect to PACSES

---

[6] The Department also cites section 215 of The Fiscal Code, Act of April 9, 1929, P.L. 343, *as amended*, added by the Act of October 30, 2017, P.L. 725, which provides, in relevant part, that the Department of Revenue shall deduct from lottery winnings any amount of outstanding State tax liability, but only "after the Department of Revenue determines under 23 Pa.C.S. §4308 (relating to lottery winnings intercept) that either the lottery prize is not subject to a deduction for delinquent support or that, after deducting for delinquent support, prize amounts remain that can be subject to deduction for the amount of the outstanding State tax liability." 72 P.S. §215(a)(1)(i).

case number 310004433, the Department stresses that Layton's arrears were not permanently removed, but merely suspended without prejudice, such that the Department could reinstate the arrears if Layton received a sum sufficient to satisfy or partially satisfy the arrears. *Id.* Thus, when the Department conducted its inquiry under 23 Pa.C.S. §4308 to determine if Layton was a delinquent support obligor, its records in PACSES showed Layton's arrears. (Department's Br. at 11.) Thus, the Department of Revenue could not have issued the lottery winnings to Layton without violating its statutory duties. *Id.* Accordingly, the Department contends that, even if we could reach the substance of Layton's challenge rather than merely his appeal of the denial of reconsideration, we still should affirm the Secretary's order.

Upon review, we agree with the Department that the Secretary's order denying reconsideration must be affirmed. As the Department emphasizes, Layton's argument does not acknowledge the procedural posture of the appeal that he has brought before us. Layton asserts a single basis upon which he believes that the ALJ erred; however, he overlooks that his appeal relates solely to the Secretary's denial of his request for reconsideration.

It is well settled that the "decision to grant or deny a request for reconsideration is a matter of administrative discretion and, therefore, will be reversed only for an abuse of discretion." *Hudson v. Department of Public Welfare*, 508 A.2d 383, 387 (Pa. Cmwlth. 1986) (citing *Muehleisen v. State Civil Service Commission*, 443 A.2d 867, 869 (Pa. Cmwlth. 1982), *aff'd*, 461 A.2d 615 (Pa. 1983)). An abuse of discretion occurs "when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will." *Payne v. Workers' Compensation Appeal Board (Elwyn,*

7

*Inc.*), 928 A.2d 377, 379 (Pa. Cmwlth. 2007) (quoting *Steller v. Pennsylvania Securities Commission*, 877 A.2d 518, 523 (Pa. Cmwlth. 2005)). In a previous decision arising from the same agency and a similar procedural posture as the instant case, we noted that, in light of this standard, "our review of a decision denying reconsideration is extremely narrow." *Williams v. Department of Human Services* (Pa. Cmwlth., No. 1929 C.D. 2015, filed September 27, 2016), slip op. at 7 (unreported).[7]

As the Department notes, Layton has made no attempt whatsoever to establish that the Secretary's denial of his request for reconsideration amounted to an abuse of discretion. Apart from his one substantive assertion of error on the part of the ALJ, Layton has not offered any reason that reconsideration was warranted. Our review does not reveal any grounds upon which to conclude that the Secretary failed to apply the law, or that her decision was "manifestly unreasonable" or the "result of partiality, prejudice, bias or ill will." *Payne*, 928 A.2d at 379. Although Layton disagrees with the way that the law was applied below, he must show more than an "error of judgment," or that the decision was "contrary to the decision that the appellate court would have reached." *Id.* (quoting *Steller*, 877 A.2d at 523). He must establish an abuse of discretion, and he has failed to do so.

Although we might end our analysis here, we briefly note that we find no apparent error in the decision below. Although the Court of Common Pleas of Philadelphia County did not formally reinstate Layton's arrears on PACSES case number 310004433 until January 8, 2020, as the ALJ stressed, Layton had never been wholly relieved of his obligations in connection with that case. Rather, the court of

---

[7] Unreported decisions may be cited for their persuasive value in accordance with section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

common pleas' 2008 order in that case stated that Layton's arrears were "suspended, without prejudice" due to his "lack of income or assets that can be levied for support," but that the "obligation is to be reviewed for further modification upon [Layton's] obtaining employment, income[,] or assets that can be levied for support." (Order, 11/24/2008; C.R. at 13.) Upon his winning of the lottery, Layton then had assets that could be levied for support. Layton's suspended arrears clearly were ascertained when DHS conducted its search for support obligations pursuant to 23 Pa.C.S. §4308(b)(1). Even if we were to conclude that Layton's lottery winnings could not be seized until after the issuance of the order on January 8, 2020, a remand to that effect would certainly be followed by a determination that, pursuant to the January 8, 2020 order, the seizure is authorized. This is apparently what the ALJ meant in opining that the two-day gap between the seizure and the order reinstating the arrears was "inconsequential." Despite Layton's objections to that conclusion, we find no error in the substance of the ALJ's reasoning.

In any event, the substance of the ALJ's reasoning is itself inconsequential, because Layton has neither argued nor established that the Secretary's order denying reconsideration amounted to an abuse of discretion. Because this is the only order that is encompassed within this appeal, we must affirm the Secretary's order.

The Secretary's order denying reconsideration is affirmed.

 

_____
PATRICIA A. McCULLOUGH, Judge

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Micah Layton, : 
        Petitioner : 
: No. 1003 C.D. 2020
        v. : 
: 
Department of Human Services, : 
        Respondent : 

## ***ORDER***

AND NOW, this 28th day of December, 2021, the September 10, 2020 order of the Secretary of Human Services, of the Department of Human Services, denying reconsideration of the August 6, 2020 Final Administrative Action Order of the Bureau of Hearings and Appeals, is AFFIRMED.

_____
PATRICIA A. McCULLOUGH, Judge